## Boston and Maine Railroad v. Salmon Falls Bank, *Trustee of Oliver*.

In process of foreign attachment, a trustee is entitled to, and may employ counsel to aid him in making his answers to the plaintiff's interrogatories. The answers are to be in writing, and may be drawn by himself or by some one whom he may request to do it for him.

Where a commissioner is appointed by the court to take the disclosure of a trustee, the course pursued should conform, as near as may be, to that adopted by the court. The trustee may have counsel to aid him in making his disclosure. His answers to the interrogatories may be drawn by the commissioner if the trustee desires it, or they may be drawn by himself, or by some one whom he may request to do it for him. They may be drawn in the presence of the commissioner, or in some near and convenient place, at the option of the trustee; and they should be made as soon as may be. The trustee should personally appear before the commissioner at the time and place specified in the notice served upon him.

Foreign Attachment. At the January term of the common pleas, 1853, a commissioner was appointed to take the disclosure of the trustee, in vacation, and at the August term of the common pleas, 1853, the commissioner made, in substance, the following report, to wit:—

Strafford, ss., August 13, 1853.

*Boston and Maine Railroad against George S. Oliver, and Salmon Falls Bank and William H. Morton, Trustees.*

Pursuant to the annexed commission, I caused the trustees to be notified that I would attend to the duties assigned me, to take the disclosure of said Salmon Falls Bank, on the 9th day of August, at four o'clock, P. M., and the disclosure of said W. H. Morton, on the 10th of August, at the Dover Bank, in Dover; and on said 9th day of August, Hon. Hiram R. Roberts appeared for the Salmon Falls Bank. W. H. Morton was also present. For satisfactory reasons, the hearing was postponed, by agreement of parties, until this day, August 13, when the disclosures of both trus-

tees were to be made at the office of John H. Wiggins, Esq., at two o'clock, P. M.

I attended at about a quarter past two. Soon after that J. W. Kingman, Esq., came in and said the trustees would answer interrogatories that might be made and submitted to them; that the trustees were at the office of Mr. Christie. To this course Mr. Wiggins, counsel for the plaintiffs, objected, as being improper; he wished the trustees to be present, that their answers might be taken down by the commissioner.

I tarried at the office of J. H. Wiggins, Esq., until three o'clock, but the trustees did not attend. I therefore return the commission.

A. PIERCE, Comm'r.

Upon this return being made by the commissioner, the plaintiff moved that the trustee be defaulted; or, if not defaulted, that the report be recommitted to the commissioner, with instructions to proceed and take the disclosure of the trustee by questions propounded to him, and that his oral answers thereto should be given in the presence of the commissioner, and be recorded by him.

The trustee moved that the commissioner be discharged and another commissioner appointed, with instructions to proceed and take the disclosure of the trustee by questions propounded to him, and that his answers thereto be furnished in writing, by the trustee, and drawn up by him in the presence of the commissioner, or elsewhere, at the option of the trustee.

The questions arising upon these motions were transferred to this court for determination.

*Christie & Kingman,* for the trustees.

The question is, whether a trustee, when a commissioner is appointed to take his disclosure under section 25 chapter 225 of the Compiled Statutes, is entitled, by himself or

counsel, to prepare and furnish, in writing, his answers. This has always been the practice where the disclosure is taken in court under section 7. This section seems to require that the answers be furnished in writing.

The appointment of a commissioner to take the disclosure of a trustee, under section 25, was not intended, and should not be allowed to prejudice the trustee. But he is thus prejudiced, if he be not allowed, by himself or counsel, to prepare and furnish, in writing, his answers, but, on the contrary, be required to give his answers verbally, in presence of the commissioner, who reduces them to writing. No good reason exists for such a difference in the mode of getting the answers of a trustee in court and before a commissioner. The practice, too, before commissioners, has been for the trustee to furnish his answers in writing.

*Wiggins*, for the plaintiffs.

EASTMAN, J. The statute provides four methods in which the disclosure of a trustee may be taken. It may be done in open court, or before some justice of the peace, if the parties agree, or before a commissioner, and in certain cases before a justice of the peace, upon application therefor. Com. Stat. ch. 221, §§ 7, 25, 26, 27.

Where the disclosure is taken in court, the provision is as follows : § 7. Every person summoned as trustee, as aforesaid, may be put to answer interrogatories as to his liability as such trustee, which interrogatories and answers shall be in writing, and subscribed and sworn to in open court.

If taken before a commissioner, the provision is this : § 25. Upon the motion of either party, the court may appoint a commissioner to take the disclosure of any trustee, and if upon due notice such trustee shall neglect or refuse to appear before such commissioner, or to answer all proper interrogatories, on oath, the commissioner shall report such neglect or refusal to the court, who may thereupon enter

judgment against such trustee, as upon default, or order such further proceedings, and upon such terms as may be just and reasonable.

When the disclosure is taken at court, the practice is for the plaintiff to put his interrogatories in writing, and pass them to the trustee, and for the trustee, after having examined them sufficiently, to draw his answers. This examination is made in the court house, or in the trustee's room, or some other convenient place, either with or without counsel, as the trustee may choose, and the answers are reduced to writing by the trustee himself, or by some one whom he may request to do it for him. After the disclosure is completed, it is subscribed and sworn to in open court. If any questions of controversy arise during the taking of the disclosure, they are brought before the court and decided.

In the examination of the interrogatories and the framing of answers the trustee is entitled to the assistance of counsel, if he desires it, as much as in drawing a plea to a declaration. A trustee is not like a witness testifying between parties. He is a party himself, and his interests and rights are oftentimes deeply affected by his answers. There are instances, also, in which it requires legal skill to draw an answer properly and truthfully. Answers might be given without the aid of counsel, which would be unintentionally untrue; and the rights of the trustee might be sacrificed, should he, if illiterate, undertake to give his answers unaided by counsel. He might, also, jeopardize his liberty; for false swearing in the giving of a disclosure by a trustee is perjury, and punishable accordingly.

If the trustee should unnecessarily delay his answers, or equivocate in giving them, the court will make such order as the circumstances may require.

A commissioner is usually appointed for the accommodation of the parties and to save expense; and in taking the disclosure, we know of no reason why the practice before him should not conform, as near as may be, to that of the

court. When notified to appear before the commissioner, the trustee should be present at the time and place designated, either with or without counsel, as he may elect; and upon interrogatories being put, he should have the privilege of examining them before answering, either by himself or with the aid of counsel, and either in the presence of the commissioner or in some other near and convenient place, and reduce his answers to writing as soon as may be. The answers may be written by the commissioner, if the trustee desire it, or by himself, or by some one whom he may request to do it for him.

If questions arise during the taking of the disclosure, the commissioner must decide them according to his best judgment, or reserve them for the court. If the trustee should unnecessarily delay his answers, the commissioner can fix the time during which he shall answer, and in case of his neglect to comply with the order, may return the commission to the court, with his report of the facts, for their action thereon.

In accordance with these views, this report should be recommitted, with instructions for the commissioner to proceed and take the disclosure of the trustees, by questions propounded to them, and by answers furnished in writing by the trustees, drawn up by themselves, or by some one for them, in the presence of the commissioner, or elsewhere, in some near and convenient place, at the option of the trustees.

We discover no good reason for discharging the commissioner. He has not been in fault. The trustees ought to have appeared with Mr. Kingman at the office of Mr. Wiggins, but beyond that, they were not obliged to pursue the course desired by the plaintiff. They were not witnesses giving their depositions, but parties making their own answers.

*Report recommitted.*